## THE PEOPLE *v.* SORIANO.

### APPEAL from the District Court of San Juan.

No. 38.—Decided October 26, 1905.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—A motion for a new trial must be filed before judgment is rendered by the trial court, and if it is based upon newly discovered evidence, it must be shown that notwithstanding the existence of the greatest reasonable diligence, the accused was unable to discover said evidence and submit it upon the trial of the cause.

ID.—An allegation to the effect that the testimony of certain witnesses appearing at the trial was false, is not sufficient ground upon which to order a new trial, inasmuch as such witnesses testified under the full responsibility of their oath, and it must be presumed that they told the truth so long as the contrary is not proved.

The facts are stated in the opinion.

*Mr. López Landrón* for appellant.

*Mr. Rossy, fiscal,* for respondent.

Mr. JUSTICE FIGUERAS delivered the opinion of the court.

This cause originated in the municipal court of this city and an appeal was taken from its judgment of conviction to the court of this district, which in its turn, on March 13th last, sentenced the accused for the crime of embezzlement to imprisonment for thirty days in the jail of this district, and to pay a fine of $15 and the costs. From this judgment an ap-

peal was taken, bail in the sum of $100 being furnished, and the record which contained the notice of appeal from the judgment and the original complaint sworn to in the municipal court on January 12, 1905, which reads as follows, was sent to this Supreme Court:

"I, Cristina Escalera, a resident of Santurce, living on Iglesia street, unmarried, and engaged in my household duties, solemnly swear and declare: That I file a complaint against Justa Soriano because on the first instant I sent $6 to Bernabe Dalmau by Justa Soriano, who failed to deliver same to him, and he also denies having received the money.—Witnesses: Urusla Carmona and Pedro Villegas, Gaudalupe Gale. (Signed) Cristina Escalera."

The accused pleaded not guilty.

On March 13, 1905, the trial was held in the district court; the evidence submitted by the *fiscal* was heard in the presence of the accused and her counsel, Rafael López Landrón, and the judgment was rendered which has been referred to and which is the subject of the appeal now pending before this Supreme Court.

The record does not contain any statement of facts or bill of exceptions.

Counsel for the appellant entered an appearance in writing in this Supreme Court, and filed a statement of facts sworn to as true by the accused before a notary public. These facts tend to show that the complainant, Cristina Escalera, had brought the charge on acocunt of resentment against the accused, Justa Soriano, for the reason that the latter and her sister Aurelia had, some time before, refused to state that the fetus which the Escalera woman carried in her womb was Bernabe Dalmau's, and this refusal, the cause of the hatred which had led to the charge, had also caused her to make use of complacent witnesses to assist her to consummate her work against the accused, Justa Soriano, who through ignorance and inexperience failed to put in any evidence in rebuttal and proof of an *alibi,* thus permitting the judgment of conviction

appealed from to stand; which judgment is unjust because it rests exclusively on the testimony of false witnesses.

The accused alleges that she could have proved, by a number of witnesses whom she names, that she was in Rio Piedras the day it is alleged she received the $6 in Santurce to give to Bernabe Dalmau.

For these reasons, and basing her petition on the provisions of section 364 of the Code of Criminal Procedure, she prays for a new trial.

The *fiscal* of this Supreme Court opposed the appeal in writing and asked at the time of the hearing, which was held without the attendance of counsel for the appellant, that the judgment be affirmed.

Let us see now whether this court can order a new trial on the facts set forth in the brief of the appellant.

Under section 304 of the Code of Criminal Procedure, a motion for a new trial must be made before judgment, and in the case at bar such motion was not made at that time; and even assuming that the motion had been made in due time, it would still remain to be shown that notwithstanding the exercise of the greatest reasonable diligence it had not been possible for her to discover the new evidence and submit it at the hearing of the cause.

Nothing of this kind has been done in the present case.

It may be alleged that section 364 of the Code referred to empowers this court to order a new trial whenever it deems it just; but the granting of this benefit cannot be considered just when nothing is alleged to show that necessity in furtherance of justice.

It should be observed here that it is merely alleged that the testmiony of witnesses for the prosecution was false, and that there are other witnesses, who are named, who can prove an *alibi*, that is to say, prove that the accused could not have received the $6 in Santurce on January 1, 1905, because she had been in Sabana Llana, a *barrio* of the town of Rio Piedras,

from December 28, 1904, to January 2, 1905, attending a sister who was ill.

It is a strange coincidence that she should have returned on January 2, that is to say, exactly the day after that on which it is alleged she committed the act; nevertheless this would be a circumstance which could have been alleged in her defense and, as a personal act of her own knowledge, she could have alleged and proved it at the two trials held, the first in the municipal court and the second on March 13, 1905, in the District Court of San Juan, and absolutely nothing was done on these two propitious occasions which were offered her. Therefore, this is not evidence which would warrant us in granting a new trial, and still less so is the allegation of the falsity of the testimony of the witnesses for the prosecution, because the latter testified under the responsibility of their oaths and it is to be presumed that they told the truth until the contrary is proved.

For all of these reasons, it is not possible to order a new trial as prayed for; nor has any error whatsoever been committed in the judgment which would warrant its reversal or modification; and, therefore, we propose its affirmation, with the costs of the appeal.

*Affirmed.*

Chief Justice Quiñones and Justices Hernandez, MacLeary and Wolf concurred.